## NORWOOD v. FERGUSON. (No. 6752.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922.)

1. **Appeal and error ☞1050(1)—Principal and agent ☞122(1)—Agent's admissions of lack of authority and testimony in another trial inadmissible to support principal's denial of authority and the admission of such evidence was prejudicial.**

    Where a principal, denying his agent's authority to draw checks in his name, testified he had instructed the drawee bank not to pay the checks, and was his own and only material witness, and was contradicted by defendant banker, his testimony, concerning the agent's admission to him of lack of authority and what the agent swore to in another trial, was inadmissible and prejudicial to the bank.

2. **Principal and agent ☞120(4) — Conversations between principal's daughter and agent, whose authority principal denied, held inadmissible on question of agent's authority.**

    Where principal denied his agent's authority to draw checks in his name paid by defendant drawee bank, and showed he had instructed the bank not to pay the checks, it was error to permit principal's daughter to relate conversation concerning the agency between principal and the agent, had when the bank owner was not present.

3. **Appeal and error ☞1062(5)—Submission of unnecessary issue not prejudicial error.**

    Where a principal, denying agent's authority, had instructed defendant bank not to pay checks drawn by the agent for hogs purchased, *held* that the bank was not injured by submission of the unnecessary issue of authority to buy certain hogs.

4. **Principal and agent ☞189(4) — Proof of lack of authority held variance from allegations of restricted authority.**

    Where principal alleged he informed drawee bank not to cash his agent's checks unless given in payment for hogs, and denied liability on a check with notation that it was for mules, there was a variance between allegations and proof, where principal showed he informed the bank not to cash any of agent's checks.

Appeal from Johnson County Court; O. O. Chrisman, Judge.

Action by L. W. Ferguson against S. B. Norwood. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. O. Lockett, of Cleburne, for appellant.

FLY, C. J. The sum of $300 is involved in this suit, which was instituted by appellee against appellant; the only question of any material importance being as to whether one Luther Boatright, who signed a check on appellant, a banker, for $300, as agent of appellee, and obtained the money thereon, had the right or authority to execute such check in the name of appellee. This question is presented from a number of angles and in numerous guises to this court through 20 assignments of error and 37 pages of typewritten matter, inaptly denominated briefs by appellant.

[1] The cause was submitted to a jury on special issues and upon the answers thereto judgment was rendered in favor of appellee. The jury found that appellee authorized Luther Boatright as his agent to buy certain hogs, and authorized him to draw a check or checks therefor on the Farmers' & Traders' Bank of Rio Vista, Tex., and sign appellee's name thereto, that afterwards appellee told the cashier of the bank, which was owned by appellant, that Boatright had drawn a check in appellee's name for $120 in payment of the purchase price for three hogs and two head of cattle, and that Boatright was not authorized to draw checks, except in payment for hogs, and not to pay the check for $120 when presented, and also on the same day, August 12, 1918, instructed said cashier not to pay any check or checks issued by Luther Boatright in the name of appellee, and that after receiving such instructions the check for $300 herein sued on, drawn by Boatright in the name of appellee, was paid, and the amount charged to appellee. The facts found by the jury were supported by the testimony of appellee alone, and were flatly denied by witnesses for appellant. With that condition of affairs confronting the jury appellee, over the objections of appellant, was permitted to state that Boatright had admitted to him that he had no authority to sign appellee's name to the check. Boatright was not a witness in the case, but appellee seemed determined to impeach his veracity, although not to be tested in this case, not only by what he told appellee, but also by what he had sworn to in another trial between appellee and Jim Johnson. The evidence was clearly inadmissible for any purpose, and in a case where there was a sharp conflict in the testimony, and appellee was his own and only material witness to support his cause, the evidence was doubtless very prejudicial. None of the declarations of Boatright was admissible. The fifth, sixth, seventh, eighth, ninth, and eleventh assignments of error are sustained.

[2] The court erred in permitting Lois Ferguson, a daughter of appellee, to testify to a conversation between appellee and Boatright as to the agency of the latter; the ap-

pellant not being present nor cognizant of that conversation. The tenth assignment of error is, therefore, sustained.

[3] The twelfth and thirteenth assignments of error are overruled. The issue submitted as to appellee authorizing the purchase of certain hogs by Boatright, although sustained by the uncontradicted testimony, could not have injured appellant. It was utterly unnecessary, however, to complicate matters with such issues, which could have added nothing practical or important to the case.

There was no issue in the case as to the $120 check which appellee swore he told appellant not to pay, and which was not paid. It merely burdened the case with a matter not pertinent or necessary to its proper decision. The fourteenth assignment of error is sustained.

The fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments of error are overruled.

[4] The first, second, third, and fourth assignments assail the sufficiency of the allegations in the petition to sustain the verdict of the jury. The evidence will not, in view of a reversal, be discussed; it being sufficient to say that the evidence raised questions of fact proper for the consideration of a jury. It may be noted that appellee, in his original petition, alleged that the check for $300 was a forgery, and claimed in his supplemental petition that it was not binding on appellee because not given for hogs, the only purpose for which he was authorized to draw checks, and that he had informed appellant, when speaking to him about the $120 check, that Boatright was not authorized to draw checks in the name of appellee, except in payment for hogs, and that appellant was notified by a notation on the $300 check that it was given for mules and not hogs. In his testimony appellee swore that he told the cashier of the bank that he must not cash any check given by Boatright. There is an apparent variance between allegations and proof which should not occur on another trial.

The judgment is reversed, and the cause remanded.

